IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TROY ADAM SHADE, :
:
    Plaintiff, :
:
v. : Civ. No. 19-259-RGA
:
PETER J. WELSH, et al., :
:
    Defendants. :

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Troy Adam Shade, an inmate at SCI – Retreat in Hunlock Creek, Pennsylvania, filed this civil action on February 14, 2019. (D.I. 1). On May 23, 2018, the Court entered an order for Plaintiff to sign and return an authorization form so that the agency having custody of him could forward all filing fee payments as required by 28 U.S.C. § 1915(b)(2) to the Clerk of Court. (D.I. 6). Plaintiff was given thirty days from the date the order was sent to submit the authorization form and advised the case would be dismissed for his failure to do so. (*Id.*). After Plaintiff failed to file the authorization, an order was entered on July 9, 2019 dismissing the case. (D.I. 7). Plaintiff filed an objection to dismissal of the complaint, construed as a motion for reconsideration. (D.I. 8).

**II.    RECONSIDERATION**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann,*

1

*Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241; see also D. Del. LR 7.1.5.

Plaintiff filed this action against the Acting Clerk of Court for the United States District Court for the Middle District of Pennsylvania and the Clerk's Office for the same district, both of whom are federal defendants. (D.I. 1). Where a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). A *Bivens* action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials" and is federal tort counterpart to the remedy created by 42 U.S.C. § 1983, applied to federal officers.[1] *Banks v. Roberts*,

---

[1] To state a *Bivens* claim, a claimant must show: (1) a deprivation of a right secured

251 F. App'x 774, 775 (3d Cir. 2007). When the Court entered the dismissal order, it mistakenly referred to Plaintiff's claim as a "civil rights action pursuant to 42 U.S.C. § 1983" rather than a *Bivens* civil rights action. (D.I. 6).

Plaintiff argues that his case is not a § 1983 action but is an action filed pursuant to 28 U.S.C. § 351 and jurisdiction lies under 28 U.S.C. § 1331 pursuant to a federal question. While not clear, Plaintiff appears to argue his action does not fall under the filing fee requirements of the Prison Litigation Reform Act. (D.I. 8 at ¶¶ 10, 13).

Section 351 refers to complaints that allege a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business or the courts. *See* 28 U.S.C. § 351(a). It is clearly inapplicable to the instant case given that Plaintiff did not name a judge as a defendant. Nor did Plaintiff commence this action by filing it with the clerk of the court of appeals for the circuit as is procedurally required. (*Id.*).

Under § 1915(b)(1), if a prisoner brings a civil action *in forma pauperis*, the prisoner is required to pay the full amount of a filing fee. In addition the court must assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of the average monthly

---

by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women*, 681 F. Supp. 129, 132 (D. Conn.1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). The Court notes that it is far from clear that Plaintiff states cognizable claims against Defendants given that the clerk of court is "absolutely immunized from a suit for damages for discretionary acts," *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009), and the Clerk's Office is not a "person" and, therefore, not a proper defendant in a federal civil rights action, *see Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998).

deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint.

Plaintiff commenced this action and he is required to pay the filing fee. Therefore, his motion for reconsideration will be denied. Plaintiff will be given additional time to submit his authorization form.

### III.     CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration. (D.I. 8).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

September 17, 2019
Wilmington, Delaware

4